**Michael AGRANOFF, Plaintiff,**

v.

**LAW SCHOOL ADMISSION
COUNCIL, INC.,
Defendant.**

**CV No. 99–12028–RWZ.**

United States District Court,
D. Massachusetts.

Oct. 1, 1999.

Jane K. Alper, Stanley J. Eichner, Boston, MA, for Michael Agranoff, Plaintiff.

### MEMORANDUM

TAURO, District Judge.

This action for injunctive relief is brought under the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. Plaintiff Michael Agranoff is a senior at Brandeis University. Defendant Law School Admissions Council (LSAC) is a nonprofit corporation that administers the Law School Admissions Test (LSAT).

### I.

#### Background

Plaintiff suffers from a physiological/neurological disorder ("focal dystonia") that causes severe cramping and fatigue of his hand when writing or holding a pen. He has received treatment for this condition since he was four years old.

On August 28, 1999, Plaintiff submitted an LSAT Accommodations Form for Candidates With Disabilities. Plaintiff sought permission to use a computer for the written portion of the exam and time and a half to complete the multiple choice portions of the exam. The extra time was necessary not to fill in the answer blanks so much as to allow Plaintiff time to underline, highlight, and diagram the questions (exam techniques taught in the LSAT prep class taken by Plaintiff). In various correspondence throughout the month of September, Plaintiff was only able to obtain approval from LSAC for use of a computer and not for additional time to take the exam.

Plaintiff received final notice of this determination on September 28, 1999. The LSAT will be administered on October 2, 1999. Plaintiff maintains that he will be irreparably harmed if he is unable to take the exam on this date because of the considerable effort he has expended in preparing for the exam and because he will be

prejudiced in his law school application by taking the exam at a later examination.

Plaintiff seeks to have the court compel Defendant to provide reasonable accommodation for his disability by providing him with time and a half to complete the multiple choice portion of the examination.

## II.

### Analysis

■ Injunctive relief "requires consideration of (1) the movant's likelihood of success on the merits, (2) the potential for irreparable harm, (3) a balancing of the relevant equities, and (4) the effect on the public interest." *Campbell Soup Co. v. Giles,* 47 F.3d 467, 470 (1st Cir.1995).

The Americans With Disabilities Act (ADA)specifically requires private organizations that offer educational examinations to make them available in a "manner accessible to persons with disabilities." 42 U.S.C. § 12189. Under federal regulations passed in accordance with the ADA, an examination must be administered "to an individual with a disability that impairs sensory, manual or speaking skills, [in such a way that] the examination results accurately reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual's [impairment]."[1] 28 C.F.R. § 36.309(b)(1)(i). To comply with this requirement, one possible modification to an examination is to change the period of time permitted. *Id.* at § 36.309(b)(2).

Case law interpreting the ADA discusses a three part test for whether a violation has taken place. "A plaintiff must show (1) that [he] is disabled, (2) that [his] requests for accommodations are reasonable, and (3) that those requests have been denied." *D'Amico v. New York State Bd. of Law Examiners,* 813 F.Supp. 217, 221 (W.D.N.Y.1993). *See also Ware v. Wyo-*

*ming Bd. of Law Examiners,* 973 F.Supp. 1339, 1356 (D.Wyo.1997) (citing *D'Amico*). This test is applied in a case by case, fact specific fashion, with the focal point usually being whether the denied request for accommodation was reasonable in light of the ADA's purpose to place disabled individuals on an equal footing without giving them an unfair advantage. *See D'Amico* 813 F.Supp. at 222. Courts reach their decision based on the circumstances presented and the objectives of the ADA.

Two common factors upon which courts rely are the medical evaluations of the disabled plaintiff and prior accommodations. Different weight is accorded these to factors. In *D'Amico* the court determined that the "opinion of the [plaintiff's] treating physician must be given great weight" because the plaintiff's need for accommodation is "principally a medical issue." *Id.* at 222. Based on the Physicians recommendations, the court found that the significant visual impairment of the plaintiff warranted two extra days to take the state bar examination. *See id.* In *Ware,* the court refused to treat prior accommodations with similar deference, stating that they were helpful in making a determination but did not render proposed accommodations "presumptively reasonable." *Id.,* 973 F.Supp. at 1257.

■ Plaintiff presents both medical evidence to support his disability and evidence of prior accommodations throughout schooling and standardized test taking. In this instance his requirement for extra time to complete the exam is not derived from the actual writing requirements of the test (his request applies to the multiple choice portion of the exam) but to the writing he must do to reach an answer for each problem. Plaintiff's exam prep course, as well as material provided test takers by Defendant, emphasize underlining, highlighting and drawing pictures or

---

1. An exception exists where the test is intended to measure the skills that are impaired.

*Id.*

diagrams as techniques for reaching the correct answer. Plaintiff persuasively contends that allowing time and a half is necessary to enable to use these techniques.

Plaintiff claims irreparable harm will occur because he will lose the time and effort he has spent, in a preparatory course and with a tutor, preparing for the October 2 administration of the LSAT. Further he claims that taking the exam at a later date will prejudice his applications at law schools which rely on rolling admissions.

The court is persuaded that if Plaintiff is not given the requested accommodation for the October 2, 1999 administration of the LSAT he will suffer irreparable harm.

The irreparable harm that Plaintiff will suffer is not outweighed by possible inequities to the Defendant. Should Judge Zobel decide in Defendant's favor on the merits, Plaintiff's exam score from the October 2 examination may be deleted.

Lastly, the court has an obvious public interest is providing those with disabilities equal footing.

For these reasons the court hereby GRANTS Plaintiff's request for injunctive relief.

IT IS SO ORDERED.